JERRY PANZA, PLAINTIFF-RESPONDENT, v. BICKFORD'S INCORPORATED OF NEW JERSEY, A CORPORATE BODY OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 21, 1942—Decided September 18, 1942.

For the defendant-appellant, *Carey & Lane* (*Harry Lane* and *David A. Pindar*).

For the plaintiff-respondent, *Louis E. Saunders* and *Charles Siegler*.

The opinion of the court was delivered by

BODINE, J. The plaintiff purchased a piece of pie in defendant's restaurant. He suffered injuries for which he recovered damages, because of the presence of a metal slug in the part of the pie eaten.

The proofs tend to show that the defendant baked the pies used in its restaurants. At all events, they had a headquarters for that purpose, and no effort was made to show that the pie served was the product of another, which conceivably might have created a different situation.

The court sent the case to the jury to determine whether the defendant exercised that degree of care, in the preparation and furnishing of the food in question, as should have been exercised by a reasonable and prudent person under like circumstances. *DeGroat* v. *Ward Baking Co.,* 102 *N. J. L.* 188; *Rickner* v. *Ritz Restaurant Co.,* 13 *N. J. Mis. R.* 818. The presence of a foreign substance in the pie justified an inference of negligence in its preparation. *Corin* v. *S. S. Kresge Co.,* 110 *N. J. L.* 378; *Jones* v. *Mount Holly Water Co.,* 87 *Id.* 106.

There was no error in the submission of the case to the jury.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, PORTER, COLIE, THOMPSON, JJ. 4.